288 F.2d 817
 John H. CUMMINGS, John L. Chisolm, Robert Johnson, Benjamin Wright, for themselves and all other persons similarly situated, Appellants,
v.
CITY OF CHARLESTON, a Municipal Corporation, The Charleston Municipal Golf Course Commission, Gerald M. Carter, Chairman, Alfred O. Halsey, Cornelious O. Thompson, T. Moultrie McKevlin, William A. Dotterer, Leroy Nelson and C. Dissel Jenkins, members of The Charleston Municipal Golf Course Commission; and John E. Adams, Manager of The Charleston Municipal Golf Course, Appellees.
 No. 8281.
 United States Court of Appeals Fourth Circuit.
 Argued April 3, 1961.
 Decided April 6, 1961.
 
 Matthew J. Perry, Spartanburg, S. C. (Lincoln C. Jenkins, Jr., Columbia, S. C., Thurgood Marshall, Jack Greenberg, and James M. Nabrit, III, New York City, on brief), for appellants.
 Henry B. Smythe, Charleston, S. C. (Morris D. Rosen, Charleston, S. C., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, negro citizens and residents of the City of Charleston, South Carolina, as plaintiffs in a class action instituted and prosecuted on behalf of themselves and others similarly situated, sought a permanent injunction restraining The City of Charleston and other named defendants, appellees, from denying access to the recreational facilities of a municipal golf course to any person for reasons of race or color. A full hearing of the controversy was held on September 7, 1960, and the decision granting the injunction was announced on November 26, 1960. However, the District Court concluded that it would be "equitable" to give the defendants a reasonable period of time for compliance and provided that the order granting injunctive relief should not be effective until eight months from and after the date of its entry. Appellants attack the "delay" of eight months as unreasonable, unsupported by any evidence demonstrating necessity and as a denial of the equal protection of laws secured to them by the Fourteenth Amendment to the Constitution of the United States.
 
 
 2
 We have searched the record and have found no evidence which would tend to explain the postponement of the effective date of the injunction order for what would seem to be an unreasonable period of time. We do not hold or even intimate that, if justifying circumstances were made to appear, the trial court could not exercise its sound discretion. But it is not apparent from the record that any real administrative or other problems are here involved such as are present in some of the school desegregation cases. Indeed, the record discloses nothing which would indicate that the injunction could not have been made immediately effective.
 
 
 3
 However, the unchallenged statement was made by counsel for the defendants at the bar of this court that plaintiffs' counsel tendered to the District Court a suggested form of final order which contained the provision that the injunction should not be operative until six months following the date of the entry of the order. Since more than four months have already elapsed following the entry of the final order, under the circumstances we believe that it would not be unfair or prejudicial to any of the parties involved to make the injunction effective six months from November 26, 1960, as originally proposed. It is so directed.
 
 
 4
 The case will be remanded to the District Court for modification of its order consistent with the views herein expressed.
 
 
 5
 Remanded with direction.